IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.
NOV 13 2019
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE FOLLOWING ACCOUNTS THAT IS STORED AT PREMISES CONTROLLED BY MICROSOFT CORPORATION:

BILL.MCCARTHY@AFBLLC.COM
STEIN.AGEE@AFBLLC.COM
JACK.FISHER@AFBLLC.COM
JFISHER@INLANDCAPITALFUNDS.COM
JFISHER@THEPRESERVECOMMUNITIES.US
JFISHER@PRESERVECOMMUNITIES.COM
KATE@INLANDCAPITALFUNDS.COM

Case No. 1:19 mj 103

Filed Under Seal

## ORDER REGARDING SEALING OF RECEIVED MATERIALS

This matter is before the Court upon the Government's "Proposed Temporary Filter Protocol," which appears as Attachment 1 to Special Agent Berry's "Affidavit in Support of Proposed Temporary Filter Protocol."

Having considered the Government's stated need for the information to be produced by Microsoft Corporation pursuant to the warrant executed under this same docket number ("Warrant"), the potential that said information may contain data or communications that are subject to the attorney-client privilege or work-product doctrine, and relevant authority, the Court finds that a temporary protocol should be put in place to prevent the inadvertent disclosure of any such privileged data or communications.

IT IS THEREFORE ORDERED THAT:

1. The Warrant shall be served on Microsoft Corporation by a designated individual who is not a member of the prosecution team. Microsoft Corporation shall be directed to provide the materials identified in Attachment B.I to the Warrant ("Received Materials") to that designated individual only.

2. The designated individual may access the Received Materials solely for the purpose of determining, and only to the extent necessary to determine, that a complete production has been made in compliance with the Warrant (e.g., that only materials associated with the specified accounts and for the specified time period have been produced).

3. After the designated individual has confirmed that a complete production has been made, the Received Materials shall remain in the custody of the designated individual who shall maintain the Received Materials "in quarantine" until further Order of the Court.

4. After the Government's investigation has become overt and/or known by the targets of the investigation, the prosecution team shall (1) make contact with any potential privilege-holders and/or their representatives, (2) attempt to determine a consensus filter protocol for the Government's review of the Received Materials, and (3) submit a proposed final protocol to the Court for approval. Should the Government and the affected

2

parties be unable to agree on a final protocol, the Government shall give notice to the Court so that adversarial proceedings may be scheduled on those matters.

5. Until such time as a final protocol has been approved, no member of the prosecution team may have any access to the Received Materials. Further, no review of the Received Materials shall be undertaken, except by the designated individual for the limited purpose described above.

This the 13th day of November 2019.

_____
THE HON. W. CARLETON METCALF
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF NORTH CAROLINA

3

Case 1:19-mj-00103-WCM    Document 5    Filed 11/13/19    Page 3 of 3